IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEROME LAMONT THEUS,

      Plaintiff,

      v.                             CASE NO.  20-3070-SAC

WYANDOTTE COUNTY ADULT
DETENTION CENTER, et al.,

      Defendants.

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  This case was transferred to this Court from the United States District Court for the Western District of Missouri.  The Court granted Plaintiff leave to proceed *in forma pauperis*.  (Doc. 8.)  On March 27, 2020, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 9) ("MOSC"), granting Plaintiff until April 27, 2020, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.  This matter is before the Court on Plaintiff's Response (Doc. 10).

Although Plaintiff is currently incarcerated at the Western Missouri Correctional Center in Cameron, Missouri, his claims are based on his alleged denial of religious materials while housed at the Wyandotte County Adult Detention Center in Wyandotte County, Kansas ("WCADC").  Plaintiff alleges that upon his arrival the WCADC he received a Qur'an but was told that he would need to fill out a form to enable jail staff to confirm he was a Muslim. Plaintiff refused to fill out the form and proceeded with the grievance process after failing to receive a prayer rug and denial of placement on the Ramadan list.  Sara Jones corresponded with

1

Plaintiff regarding his grievance and denied Plaintiff the prayer rug and placement on Ramadan until Plaintiff filled out the qualification form.  Charles Patrick responded to Plaintiff's grievance and told Plaintiff that he would not receive anything if he refused to fill out the qualification form.  Plaintiff alleges that Defendants violated his right to freely practice his religion and injured him mentally.   Plaintiff names as defendants: the WCADC; Sara Toms; and Charles Patrick.  Plaintiff seeks injunctive relief, declaratory relief, and monetary relief.

In the MOSC, the Court found that Plaintiff's claims were subject to dismissal, and although it may have been an inconvenience for Plaintiff to fill out the questionnaire, he failed to show a substantial burden on his sincerely-held religious beliefs.  *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (In order to state a constitutional denial of free exercise of religion claim, a prisoner must allege that defendants "substantially burdened his sincerely-held religious beliefs.").

The Court also found in the MOSC that Plaintiff's request for injunctive relief is moot and therefor subject to dismissal.  Plaintiff is no longer confined at the WCADC.  Plaintiff is currently incarcerated at the Western Missouri Correctional Center in Cameron, Missouri.  In addition, Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury.  Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).

Plaintiff's Response fails to address the deficiencies set forth in the MOSC.  Plaintiff alleges that he missed the first six days of Ramadan and did not receive his morning breakfast before sunrise or his dinner Kosher meal at sunset.  Plaintiff fails to address that his request for

injunctive relief is moot, or that he has failed to allege a physical injury.  Therefore, Plaintiff has failed to show good cause why his Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated June 5, 2020, in Topeka, Kansas.**

**<u>s/ Sam A. Crow</u>**
**Sam A. Crow**
**U.S. Senior District Judge**
